Bdeton, J.,
delivered the opinion of the court.
Cain filed a petition to supersede and quash the levy of an execution issued at the suit of Bryant and levied upon the property of the petitioner. The only question is as to the validity of a part payment of $225, which the petitioner claims he made to one Bottoms, a constable who had the collection of the debt against him. The alleged payment was made under the following circumstances: The judgment was rendered on the 16th day of April, 1868, by one *46 Keely, a justice of the peace. About a month thereafter the constable, Bottoms, went with one John Carroll to the house of the petitioner, Cain, when Carroll bought of Cain a mule and a horse, for which he was to pay $225. This money Carroll agreed to pay directly to Bottoms, on the Cain judgment, and thereupon Cain and the constable, Bottoms, went to the house of Keely, the justice, and Bottoms credited the judgment with the $225. Carroll shortly thereafter paid the money to the constable, Bottoms, as he had agreed to do; but it seems that Bottoms has never paid the money over to Bryant, the judgment creditor.
Under this state of facts, his Honor, the Circuit Judge, among other instructions given to the jury, said to them: “If you find from the proof that Carroll agreed to pay for Cain any sum of money, and that Cain and Bottoms went to the office of the justice and entered a satisfaction to that extent, and that Cain knew at the time that the money had not been paid them, then, even if Carroll afterward paid the money to Bottoms, it was not a good payment, unless Bottoms paid the money over to Bryant.”
It will be perceived that his Honor was of opinion, and so substantially instructed the jury, that this payment to Bottoms was not a good payment to Bryant. We do not concur in this opinion. As an officer, it is, in general, the duty of a constable to ■execute and return writs and other process placed in his hands; but when he receives a note for collection, he becomes the plaintiff’s agent also, and, in *47 effect, promises to use all lawful means to collect it. Nor does his obligation as agent end until he has ■collected the money and paid it over, or has exhausted all legal means in endeavoring to collect it.
It clearly appears in this record that Bottoms had the note for collection, and that he, as an officer, warranted Cain, and took judgment against him. "We think, therefore, that he was the agent of Bryant, and that Cain was warranted in making payment to him.
It is true that an officer is not authorized to receive anything but money in the payment of a claim in his hands for collection; and the agreement of Carroll to pay for Cain would, of course, have been no discharge of Cain’s liability. But we are unable to see any distinction between a payment made by Cain directly and one made through Carroll.
There is some proof in this record tending to show that the constable, Bottoms, was insolvent, and that Cain sold the stock to Bottoms, and not to Carroll. Had the jury found these facts, they would have warranted the conclusion that the transaction between Bottoms and Cain was fraudulent as against Bryant, and then the payment would have been only colorable.
But the obvious meaning of his Honor’s language is, that the mere fact that Cain caused satisfaction of the judgment to be entered to the extent of the $225, when he knew that Carroll had not then paid the money to Bottoms — this, without more, invalidated the payment to Bottoms. This, we think, excluded from the jury the consideration of the question, whether Cain acted in vood faith in the transaction or not.
*48 We have been referred by counsel to the case of Cooney v. Wade, 4 Hum., 444, but we are unable tO' see that it is in conflict with the views we entertain of the case in hand.
In the case referred to, the judgment debtor placed in the hands of the collecting officer certain notes, to-be by him collected, and applied in satisfaction of the judgment. The officer collected the notes, and used the money for his own purposes. It was held, and properly too, that the officer in that case was by the defendant constituted his agent to collect the notes, and apply them to the payment of the debt; and that, until so applied, the money in the officer’s hands was the defendant’s money, and that if misapplied by the officer, of course the loss would fall upon the defendant.
But Cain, in the present case, did not constitute the constable, Bottoms, his agent for any purpose. On the contrary, he was the agent of the plaintiff, Bryant, for the collection of this debt; and we are of opinion that if Cain, through the agency of Carroll, made payment of the $225 in good faith to the constable, Bottoms, in ignorance of any intention on the part of Bottoms to misapply it, then the payment was a good payment to Bryant.
Let the judgment be reversed, and the case be remanded for a new trial.